# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABDUL RAHMAN PANJWANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 10 C 4961 |
| ERIC HOLDER, U.S. Attorney General, JANET | ) |
| NAPOLITANO, U.S. Secretary of Department of | ) |
| Homeland Security, and MARILYN P. WILES, | ) |
| Director U.S.C.I.S, Lincoln, Nebraska, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Abdul Rahman Panjwani filed this lawsuit against U.S. Attorney General, Eric Holder, Jr., Secretary of the U.S. Department of Homeland Security, Janet Napolitano, and Deputy Director of the U.S. Citizenship and Immigration Services ("USCIS") Nebraska Service Center, Marilyn P. Wiles (collectively "Defendants"), seeking review of USCIS' denial of an I-140 petition in 2007. Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Panjwani did not object to Defendants' motion, and instead, nine days after his response was due, filed a motion for leave to amend his original complaint. Defendants oppose Panjwani's request to amend, arguing that the request is untimely, and renewing their argument that Panjwani has not established jurisdiction. We agree that allowing the proposed amended complaint would be futile and thus deny the motion to amend. We also grant, without prejudice, Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

**BACKGROUND**

On June 16, 2006, Panjwani filed an I-140 petition with the USCIS. (Am. Compl. ¶ 2.) An I-140 petition is a means by which a U.S. employer, pursuant to 8 U.S.C. § 1153(b)(3), can procure an immigrant visa for a potential employee who will fill a position for which there are not available workers in the United States. Panjwani filed the petition on behalf of Karim, Inc., with Abdul Hussain Ilmu Sadikeen as the beneficiary. (*Id.*) USCIS denied the petition on April 26, 2007, and a final decision was entered. (*Id.* ¶ 4.)

On August 6, 2010, more than three years later, Panjwani filed a petition for review in the district court, alleging that the USCIS decision "was not supported by substantial evidence." (Compl. ¶ 1.) Panjwani said little more in his initial complaint, adding only that we have jurisdiction under 8 U.S.C. § 1421(c), and that "[t]o date, no court has upheld the validity of the Order." (*Id.* ¶¶ 2–3.) Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and, alternatively, for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that the jurisdictional statute cited by Panjwani pertains only to naturalization applications. (Mem. in Supp. of Mot. to Dismiss at 1–4.)

Panjwani had until February 7, 2011 to oppose Defendants' motion (Dkt. No. 18), but failed to respond. Nine days after this deadline, Panjwani filed a motion to amend his complaint. (Dkt. No. 19.) Panjwani's proposed amended complaint claims that we have jurisdiction over this case under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq. (Am. Compl. ¶ 1.) It further alleges that Panjwani filed the complaint on behalf of employer Karim, Inc. and beneficiary Sadikeen, seeking to classify Sadikeen as an employment-based immigrant. (*Id.* ¶¶ 2–3). The proposed complaint expands on the allegations concerning USCIS's denial of the I-

140 petition, claiming that its decision "was not supported by substantial evidence *and was otherwise not in accordance with the law*." (*Id.* ¶ 5 (emphasis added).) The complaint concludes by claiming that "[a]ll administrative remedies have been exhausted." (*Id.* ¶ 6.) While Panjwani's amended complaint is twice the length of the original complaint—six lines instead of three—it still offers little detail about Panjwani's interest in the lawsuit, including any information regarding his relationship to Karim, Inc. or Sadikeen, or any additional details concerning the USCIS decision.

Defendants filed a motion in opposition to Panjwani's motion for leave to amend, arguing that: (1) the motion is untimely; and (2) allowing the amendment would be futile for lack of subject matter jurisdiction and standing. (Opp'n at 1.) Although Panjwani had until March 7, 2011 to file a reply in support of his motion (*see* Dkt. No. 21), he has declined to do so.

## ANALYSIS

### I. Panjwani's Motion to Amend

Federal Rule of Civil Procedure 15(a) provides, in operative part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(A)–(B). Rule 15 further instructs that in all other cases the party must obtain consent either from the adverse party or from the court, which should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). In making this assessment, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). An amendment is considered futile if it "merely restates the same

facts using different language, or reasserts a claim previously determined," or "when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992); *Williams v. USPS*, 873 F.2d 1069, 1072 (7th Cir. 1989) ("Failure to remedy the jurisdictional defects of a complaint is one example of where an amendment would prove futile."). "[A] party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

    *A.    Preliminary Issues*

Defendants' filed their motion to dismiss on January 20, 2011 (Dkt. No. 17), and Panjwani's motion to amend his complaint was filed on February 16, 2011 (Dkt. No. 19), twenty-seven days later. As such, Panjwani is not entitled to amendment of his pleadings as a matter of course. As Panjwani has not obtained written leave of Defendants, he must obtain consent from this Court. Defendants argue that Panjwani's motion to amend should not be entertained at all, as his failure to respond to Defendants' motion to dismiss acts as a waiver to all claims. (Opp'n at 3.) Here, however, it is clear that Panjwani failed to respond to the motion to dismiss because he intended to file an amended complaint. Had he filed his amended complaint just eight days earlier, he could have done so as a matter of course, without leave from the court, and in accordance with the very purpose of Rule 15(a)(1)(B).[1] That being said, Panjwani also carries the burden of showing that the amendment will not result in undue prejudice on Defendants. While it may be arguable that an eight-day delay was excessive or

---

[1] *See, e.g.*, Fed. R. Civ. P. 15 advisory committee's note (2009) ("The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise.").

unduly prejudiced Defendants, Panjwani does not address this issue, and therefore has failed to meet his burden.

### B. *Futility Issues*

Defendants also argue that allowing Panjwani to amend his complaint would be futile, for the same reasons they sought dismissal of the initial complaint. Defendants contend that Panjwani's proposed complaint establishes neither our jurisdiction, nor his standing to bring the lawsuit. As discussed below, these arguments have merit.

#### 1. **Statutory Basis for Jurisdiction**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986)). Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Panjwani's only revision (as opposed to additions) between his original complaint and his amended complaint concerns the statutory basis for jurisdiction. The original complaint cited 8 U.S.C. § 1421(c) as the basis for jurisdiction (Compl. ¶ 2), which is, as Defendants rightly point out, a statute defining judicial review for applications for naturalization—not classification of alien status (Mem. in Supp. of Mot. to Dismiss at 3). In his proposed amended complaint, Panjwani instead cites 5 U.S.C. § 701 of the APA as the sole basis for jurisdiction. (Am. Compl. ¶ 1.) While Panjwani's proposed basis for jurisdiction is "getting warmer," the Supreme Court

has held that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107, 97 S. Ct. 980, 985 (1977) (pointing to the "federal question statute," 28 U.S.C. § 1331, in conjunction with an appropriate federal cause of action, as a means of establishing federal jurisdiction to review agency action). In light of this, Panjwani's amended complaint fails to remedy the jurisdictional defects of the original complaint, making the pleading futile.

### 2. Standing

Defendants also argue that Panjwani lacks standing to bring this claim. (Opp'n at 5–6.) The party invoking jurisdiction bears the burden of establishing the elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992). To do so, the plaintiff must establish an injury in fact that is fairly traceable to the defendant's action that is capable of redress. *Lujan*, 540 U.S. at 560–61, 112 S. Ct. at 2136. Here, neither of Panjwani's complaints describes his connection to the disputed I-140 petition, offering only the identities of the employer (Karim, Inc.) and the beneficiary (Sadikeen) at issue. (Am. Compl. ¶ 2.) Panjwani fails to show how he, as a third party to the matter, has standing to bring this claim, further making amendment of his complaint a futile effort. For all the reasons discussed above, Panjwani's motion for leave to file an amended petition for review is denied.

## II. Motion to Dismiss

Having denied Panjwani's request to amend his complaint, we turn to address Defendants' motion to dismiss, filed January 20, 2011. (Dkt. No. 17.) As noted earlier, Panjwani neglected to oppose this motion. We hereby grant the motion.

### A. Subject Matter Jurisdiction

As previously discussed, Panjwani failed to plead a proper statutory basis for jurisdiction in the operative complaint. Defendants' motion to dismiss for lack of subject matter jurisdiction is thus granted.

### B. Failure to State a Claim

In addition, Panjwani's complaint is subject to dismissal under Rule 12(b)(6). To survive a Rule 12(b)(6) challenge, a plaintiff must overcome "two easy-to-clear hurdles:" (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the ground on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted). The facts in the complaint, accepted as true, must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Panjwani's complaint leaves much to be desired. Ignoring the incorrect statutory grounds for jurisdiction, the complaint claims that the USCIS's decision denying the I-140 petition "was not supported by substantial evidence," which is entirely conclusory. (Compl. ¶ 1.) Moreover, the complaint lacks facts concerning, *inter alia*, standing, venue, finality, exhaustion, the opinion(s) and alleged errors of the administrative agency, and Panjwani's role in the proceedings. Even if we were to consider the proposed amended complaint, at best Panjwani

added one conclusory statement pertaining to finality, doing little to advance his argument. In light of these deficiencies, we also grant Defendants' motion on Rule 12(b)(6) grounds**.**

## CONCLUSION

For the reasons set forth above, Panjwani's motion to amend his complaint is denied. Defendants' motion to dismiss is granted without prejudice. Panjwani may file an amended complaint within ten (10) days of the issuance of this opinion, to the extent he can do so consistent with the requirements of Rules 8 and 11. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: June 20, 2011